**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**KELLY BUCKEL,**
Plaintiff,

Case No. _____________

v.

**JURY TRIAL DEMANDED**

**MCHENRY COUNTY, Illinois**
**AKA McHenry COUNTY HEALTH DEPARTMENT,**
**and KELLI BOECKMANN, individually,**

Defendants.

---

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS, RETALIATION AND SEXUAL HARASSMENT

Plaintiff Kelly Buckel brings this action against Defendants McHenry County Health Department and Kelli Boeckmann, individually, seeking redress for severe and pervasive sexual harassment, physical assault, and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act, and the Illinois Gender Violence Act. Over the course of a three-day work conference in October 2025, Plaintiff's supervisor subjected her to repeated sexually explicit comments, unwanted physical contact including the nonconsensual grabbing of Plaintiff's breast, and relentless coercive advances. When Plaintiff promptly reported this misconduct to Human Resources, Defendants responded not with remediation, but with false discipline and termination—just eight days after Plaintiff's complaint.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5(f)(3), because this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy as Plaintiff's federal claims.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this District, and Defendants conduct business within this District.
4. Plaintiff, Kelly Buckel. timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights. Plaintiff received notice of opt out within 90 days of fling this suit. Plaintiff has asked for a right to sue form the EEOC and was informed that the Department of Justice issues the rights to sue for State entities and that the request was sent to the Department of Justice. Plaintiff has not received the notice of right to sue but it was requested over a month ago. The Plaintiff will either perfect the charge once the notice of Right to sue is sent by the Justice Department or asks the Court to stay the proceeding until the Right to sue is issued as the requirement to file within 90 days of the opt out under the IHRA and the EEOC Notice of Right to Sue are out of control of the Plaintiff and she wishes to preserves both her actions.

**PARTIES**

5. Plaintiff Kelly Buckel is an individual residing in the State of Illinois. At all times relevant to this Complaint, Plaintiff was employed by Defendant McHenry County Health Department.

6. Defendant McHenry County operates McHenry County Health Department (hereinafter "Employer" or "Defendant Employer") is a governmental entity and employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), and the Illinois Human Rights Act, 775 ILCS 5/2-101(B). Defendant Employer conducts business within the Northern District of Illinois.

7. Defendant Kelli Boeckmann was, at all times relevant to this Complaint, employed by Defendant McHenry County Health Department in a supervisory capacity over Plaintiff. Defendant Boeckmann is sued in her individual capacity. At all times relevant to this Complaint, Defendant Boeckmann acted within the course and scope of her employment and under color of Defendant Employer's authority.

**FACTUAL ALLEGATIONS**

8. At all relevant times, Plaintiff, Kelly Buckel was employed by Defendant McHenry County Health Department in good standing, with a strong performance record, and performing her duties satisfactorily. She had no major warnings or performance issues prior to her complaint of discrimination to Defendant and rejection of her supervisors sexual advances.

9. Defendant Kelli Boeckmann was Plaintiff's direct supervisor and wielded authority over the terms and conditions of Plaintiff's employment.

**A. The Work Conference: October 13–15, 2025**

10. On or about October 13, 2025, Plaintiff was required to travel with Defendant Boeckmann to a work-related conference, a trip of approximately three hours each way.

11. During the drive to the conference, Defendant Boeckmann made repeated and unwelcome sexually explicit comments to Plaintiff, including graphic descriptions of her own sexual

activities, sexual preferences, and personal relationships. Plaintiff found this conduct offensive, humiliating, and entirely unwelcome.

12. On the evening of October 14, 2025, during a conference social event, Defendant Boeckmann consumed of alcohol and continued to make sexually explicit and inappropriate comments to Plaintiff and others in Plaintiff's presence, including statements that she had modeled lingerie.

13. A fellow conference attendee, observing Boeckmann's behavior, privately asked Plaintiff whether such conduct was "normal." Plaintiff responded that she found it uncomfortable.

14. Later that same evening, in the presence of at least two witnesses, Defendant Boeckmann intentionally and without Plaintiff's consent physically grabbed Plaintiff's breast in a sexual manner. Plaintiff was shocked, violated, and humiliated. Plaintiff did not consent to this contact and made clear, through word and action, that the advance was unwelcome.

15. As Plaintiff returned to her hotel room, Defendant Boeckmann repeatedly and insistently invited Plaintiff to come to her room. The requests from Defendant Boeckmann were requests of a sexual nature. Plaintiff declined each invitation.

16. On or about October 15, 2025, during the return drive to the workplace, Defendant Boeckmann again initiated sexually explicit conversations with Plaintiff, including descriptions of sexual events she claimed to have attended.

17. During the return drive, Defendant Boeckmann also disclosed that she had packed a vibrator in her conference bag. Without Plaintiff's consent, Boeckmann then took Plaintiff's unlocked cellular telephone—which Plaintiff had been using for navigation—and typed into the phone the name of that item, telling Plaintiff that she should purchase it.

18. Throughout the conference and travel, Plaintiff made clear that she found Boeckmann's conduct unwelcome, offensive, and intimidating. Plaintiff did not encourage, solicit, or welcome any of the conduct described herein.

19. The acts of Defendant Boeckmann towards Plaintiff were unwelcome sexual conduct, sexual advances, or requests for sexual favors, or any conduct of a sexual nature and had the purpose or effect that substantially interfered with a Plaintiff's work performance and creating an intimidating, hostile, or offensive working environment.

**B. Plaintiff's Report and Defendants' Retaliatory Response**

20. On October 16, 2025, one day after returning from the conference, Plaintiff reported the harassment—including the physical sexual battery—to Defendant Employer's Human Resources representative, Patty.

21. Plaintiff's complaint to Defendant described in detail the sexually explicit comments, the nonconsensual physical contact, the coercive invitations, and the unauthorized use of her phone. Plaintiff believed that Defendant was investigating her complaint to them about her supervisor, Kelli Boeckmann sexual battery and hostile work environment.

22. Following Plaintiff's report, Defendants failed to conduct a prompt, thorough, or good-faith investigation into Plaintiff's complaint of sexual harassment and assault. Defendants did not take appropriate remedial action. Defendant Boeckmann was not disciplined for her actions towards Plaintiff.

23. On October 24, 2025, Plaintiff was called into a meeting which she reasonably believed concerned her harassment complaint against Defendant Boeckmann. Instead, Defendants used that meeting to issue Plaintiff false and pretextual discipline, which had no basis in her actual work performance or conduct.

24. On October 27, 2025—just eleven days after Plaintiff reported the sexual harassment—Defendants terminated Plaintiff's employment.

25. Prior to Plaintiff's protected complaint, Plaintiff had a strong performance record and no legitimate basis existed to discipline or terminate her.

26. The temporal proximity between Plaintiff's protected complaint on October 16, 2025, and her termination on October 27, 2025, gives rise to a compelling and reasonable inference of retaliatory motive.

27. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional distress, humiliation, mental anguish, damage to her professional reputation, and other damages.

## COUNT I SEXUAL HARASSMENT—HOSTILE WORK ENVIRONMENT
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 — Against Defendant Employer)**

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29. At all relevant times, Plaintiff was an employee and Defendant McHenry County Health Department was an employer within the meaning of Title VII, 42 U.S.C. § 2000e et seq.

30. Defendant Boeckmann, acting as Plaintiff's supervisor, subjected Plaintiff to unwelcome sexual conduct, including but not limited to: repeated sexually explicit verbal comments; nonconsensual physical contact in the form of grabbing Plaintiff's breast; coercive sexual invitations; and the unauthorized use of Plaintiff's personal property to harass her further sexually.

31. The harassment was sufficiently severe and pervasive to alter the terms, conditions, and privileges of Plaintiff's employment, and to create an abusive and hostile work environment that a reasonable person would find hostile or offensive.

32. Defendant Employer knew or should have known of the harassment. After Plaintiff reported the conduct, Defendant Employer failed to take prompt, adequate, or appropriate remedial action.

33. Defendant fired the Plaintiff which was a tangible employment action and as such Defendant is liable for the acts of Defendant Boeckmann. Defendant has not disciplined Defendant Boeckmann for her acts of sexual harassment against the Plaintiff and instead has protected Defendant Boeckmann by firing the Plaintiff and hiding Plaintiff's complaint about Defendant Boeckmann.

34. The sexual harassment and Defendant Employer's firing of Plaintiff violated 42 U.S.C. § 2000e-2(a)(1).

35. As a direct and proximate result of Defendant Employer's violations of Title VII, Plaintiff has suffered and continues to suffer damages including lost wages and benefits, emotional distress, humiliation, and other compensatory damages.

**COUNT II RETALIATION**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 — Against Defendant Employer)**

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff engaged in activity protected by Title VII when she reported sexual harassment to Defendant Employer's Human Resources department on October 16, 2025.

38. Following Plaintiff's protected complaint, Defendant Employer took materially adverse actions against Plaintiff, including issuing false and pretextual discipline and terminating her employment on October 27, 2025. Such acts by Defendant Employer violated **42 U.S.C. § 2000e-3.**

39. The adverse employment actions occurred within days of Plaintiff's protected complaint, demonstrating a causal nexus between the protected activity and the adverse actions.

40. Defendant Employer's proffered reasons for the adverse actions, if any, are false and pretextual.

41. As a direct and proximate result of Defendant Employer's retaliatory conduct, Plaintiff has suffered lost wages and benefits, emotional distress, humiliation, and other compensatory damages.

## COUNT III VIOLATION OF THE ILLINOIS GENDER VIOLENCE ACT
**(740 ILCS 82/1 et seq. — Against Defendant Employer)**

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43. The Illinois Gender Violence Act, 740 ILCS 82/1 et seq., provides a civil cause of action against any person who commits gender-related violence, or any employer who has actual or constructive knowledge of such violence and fails to take remedial action.

44. Defendant Boeckmann committed gender-related violence against Plaintiff by intentionally grabbing Plaintiff's breast without her consent, in a sexual manner, and by engaging in a pattern of coercive, intimidating, and sexually explicit conduct directed at Plaintiff as a woman.

45. Boeckmann's conduct constitutes gender-related violence within the meaning of 740 ILCS 82/5 and violated said statute.

46. The conduct occurred during and in connection with work-related travel and conference activities, and thus within the course and scope of Boeckmann's employment and supervisory authority. Further, Defendant Employer had actual knowledge of the gender-related violence when Plaintiff reported it on October 16, 2025. Rather than taking corrective action, Defendant Employer failed to investigate, issued false discipline to Plaintiff, and ultimately terminated Plaintiff's employment.

47. Said conduct described herein which included the sexual battery occurred **while performing job duties**, **using supervisory authority**, or **during work-related travel**; **That Defendant employer "knew or should have known" of the employee's propensity for gender-related violence and/or failed to act and that the Defendant's employer's own negligence "contributed to" the gender-related violence establishes liability for employer under 740 ILCS 82/10(a-5).**

48. As a direct and proximate result, Plaintiff has suffered emotional distress, humiliation, fear, lost wages, and other compensatory and special damages.

49. Plaintiff is entitled to compensatory damages, attorneys' fees, costs, and such other and further relief as this Court deems just and proper.

## COUNT IV ASSAULT AND BATTERY
**(Illinois Common Law — Against Defendant Boeckmann, Individually)**

50. Plaintiff re-alleges and incorporates, by reference paragraphs 1 through 49 as though fully set forth herein.

51. Defendant Boeckmann intentionally and without Plaintiff's consent made harmful and offensive physical contact with Plaintiff by grabbing Plaintiff's breast in a sexual manner.

52. Plaintiff did not consent to any such contact. At no point did Plaintiff invite, encourage, or acquiesce to Defendant Boeckmann's physical contact.

53. Boeckmann's intentional, nonconsensual physical contact constitutes battery under Illinois common law.

54. Immediately before and in connection with the nonconsensual physical contact, Boeckmann engaged in conduct reasonably placing Plaintiff in apprehension of harmful and offensive contact, constituting assault under Illinois common law.

55. As a direct and proximate result of Boeckmann's assault and battery, Plaintiff suffered physical violation, emotional distress, humiliation, mental anguish, and other damages.

**COUNT V SEXUAL HARASSMENT—HOSTILE WORK ENVIRONMENT**
**(Illinois Human Rights Act, 775 ILCS 5/2-102(D) — Against Defendant Employer)**

56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57. At all relevant times, Defendant McHenry County Health Department was an "employer" within the meaning of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-101(B).

58. Defendant Boeckmann, acting as Plaintiff's supervisor, engaged in unwelcome sexual conduct toward Plaintiff, including sexually explicit verbal comments, the nonconsensual grabbing of Plaintiff's breast, coercive invitations to her hotel room, and the unauthorized use of Plaintiff's telephone to further harass her.

59. The harassment was sufficiently severe and pervasive to create a hostile and abusive working environment and to alter the terms and conditions of Plaintiff's employment.

60. Plaintiff reported the harassment to Human Resources on October 16, 2025.

61. Under the IHRA, because the harassing conduct was committed by Plaintiff's supervisor who was granted authority over Plaintiff's employment by Defendant Employer, Defendant Employer is strictly liable for the supervisor's harassing conduct. Further, Defendant Employer failed to take prompt or appropriate remedial action and failed to investigate Plaintiff's complaint. Instead, within days of receiving Plaintiff's report of sexual battery, Defendant Employer disciplined and then terminated Plaintiff.

62. Defendants actions complained of herein violated the IHRA including but not limited to 775 ILCS 5/2-102(A) and 775 ILCS 5/2-102(D).

63. As a direct and proximate result of Defendant Employer's violations of the IHRA, Plaintiff has suffered lost wages and benefits, emotional distress, humiliation, and other damages.

**COUNT VI RETALIATION**
**(Illinois Human Rights Act, 775 ILCS 5/6-101(A) — Against Defendant Employer)**

64. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 61 as though fully set forth herein.

65. Plaintiff engaged in protected activity under the IHRA when she reported sexual harassment to Defendant Employer's Human Resources department on October 16, 2025.

66. Defendant Employer retaliated against Plaintiff by failing to investigate her complaint, issuing false and pretextual discipline, and terminating Plaintiff's employment on October 27, 2025.

67. The temporal proximity—eleven days—between Plaintiff's protected complaint and her termination constitutes strong evidence of retaliatory motive.

68. The acts of Defendant of firing the Plaintiff after she made a complaint of discrimination and not disciplining or investigating Plaintiff's claims against Defendant Boeckmann or take corrective action violated 775 ILCS 5/6-101(A) and **775 ILCS 5/6-101(B)**.

69. As a direct and proximate result of Defendant Employer's retaliatory conduct, Plaintiff has suffered lost wages and benefits, emotional distress, humiliation, and other damages.

**COUNT VII**
**VIOLATION OF THE ILLINOIS GENDER VIOLENCE ACT**
**(740 ILCS 82/1 et seq. — Against Defendant Boeckmann)**

70. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 69 as though fully set forth herein.

71. The Illinois Gender Violence Act, 740 ILCS 82/1 et seq., provides a civil cause of action against any person who commits gender-related violence, or any employer who has actual or constructive knowledge of such violence and fails to take remedial action.

72. Defendant Boeckmann committed gender-related violence against Plaintiff by intentionally grabbing Plaintiff's breast without her consent, in a sexual manner, and by engaging in a pattern of coercive, intimidating, and sexually explicit conduct directed at Plaintiff as a woman.

73. Boeckmann's conduct constitutes gender-related violence within the meaning of 740 ILCS 82/5 and violated said statute.

74. As a direct and proximate result, Plaintiff has suffered emotional distress, humiliation, fear, lost wages, and other compensatory and special damages.

75. Plaintiff is entitled to compensatory damages, Punitive damages attorneys' fees, costs, and such other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kelly Buckel respectfully prays that this Court enter judgment in her favor and against Defendants, jointly and severally where applicable, and award the following relief:

a. Back pay, including lost wages and the monetary equivalent of all employment benefits, from the date of Plaintiff's termination to the date of judgment;
b. Front pay or reinstatement, as the Court deems appropriate;
c. Compensatory damages for emotional distress, humiliation, mental anguish, and other noneconomic injuries;
d. Punitive damages to the extent permitted by applicable law;
e. Pre-judgment and post-judgment interest;
f. Reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 2000e-5(k) and applicable Illinois law;
g. Injunctive and declaratory relief as appropriate; and
h. Such other and further relief as this Court deems just and equitable.

## JURY DEMAND

**Plaintiff Kelly Buckel hereby demands a trial by jury on all claims and issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.**



Steven D Horak # 6207126
940 Knollwood Dr
Buffalo Grove IL 60089
847-877-3120
Steve@stevenhoraklaw.com
Attorney for Plaintiff