**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KELLY BUCKEL,<br><br>Plaintiff,<br><br>vs.<br><br>MCHENRY COUNTY, Illinois, AKA MCHENRY COUNTY HEALTH DEPARTMENT, and KELLY BOECKMANN, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 26 CV 06250 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL**

NOW COME Defendants, McHenry County and Kelly Boeckmann, by and through their attorney, Randi L. Freese, State's Attorney of McHenry County, and her duly appointed Assistant State's Attorneys, Laura L. Scarry and Kyle R. Bruett, and for their Memorandum in Support of their Motion for Partial Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) state as follows:

## I. INTRODUCTION AND BACKGROUND

Plaintiff filed her Complaint on May 28, 2026, alleging Title VII claims of sexual harassment and retaliation, Illinois Human Rights Act ("IHRA") claims of hostile work environment, violations of the Illinois Gender Violence Act ("IGVA"), and an Illinois common law claim of assault and battery. (Dkt. 1). Plaintiff's Complaint alleges that Plaintiff "received notice of opt out within 90 days of fling [*sic*] this suit." (Dkt. 1 at ¶4). Plaintiff also acknowledges that Plaintiff has not received the "right to sue form [*sic*] the EEOC" and seeks to either "perfect the charge once the notice of Right to sue is sent" or a stay from this Court until the "Right to sue is issued." *Id*.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "accept[s] the complaint's well-pleaded allegations as true and draw[s] all favorable inferences for plaintiff." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). "To survive a motion to dismiss, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that plausible on its face…A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 934-935 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). Although a plaintiff is not required to plead facts that anticipate and defeat affirmative defenses, "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Independent Trust*, 665 F.3d at 935.

## III. ARGUMENT

### A. *Dismissal of Counts I and II of Plaintiff's Complaint is warranted because Plaintiff has not received a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") prior to filing suit and has not "cured" the deficiency.*

"Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Company*, 937 F.3d 998, 1004 (7th Cir. 2019). However, Courts have consistently held that a lack of a right-to-sue letter is not a jurisdictional prerequisite to bringing a Title VII suit, but rather a requirement, akin to a statute of limitations, that may constitute a defense. (See, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001)). Additionally, Plaintiffs may be allowed to cure any right-to-sue letter deficiency any time prior to

dismissal. (See, e.g., *Perkins v. Silverstein*, 939 F.2d 463, 470-471 (7th Cir. 1991).

Plaintiff acknowledged that she did not receive a right-to-sue letter from the EEOC or the Department of Justice for her Title VII charges and has not cured that deficiency. Because Plaintiff has conceded that she has yet to exhaust her administrative remedies, dismissal is appropriate.

***B. Dismissal of Counts V and VI is required because Plaintiff failed to adequately plead that Plaintiff filed suit within 90 days of receiving a notice of opt out and right to commence an action from IDHR.***

Illinois law requires that a complainant, in the context of opting out of the Department's investigation, commence an action within 90 days of receiving notice to commence an action in the appropriate circuit court or other appropriate court of competent jurisdiction. (See, 775 ILCS 5/7A-102(C-1)). "[A]n IHRA claim not brought within the ninety day period is properly dismissed." *Moultrie v. Penn Aluminum Intern., LLC*, 2012 WL 3113914 (S.D. Ill., July 31, 2012).

This Court should take judicial notice of the "Notice of Opt Out" letter containing the "dismissal/notice date of February 20, 2026." See, letter entitled "Notice of Opt Out of the Investigative and Administrative Process, Right to Commence an Action in Circuit Court or Other Appropriate Court of Competent Jurisdiction, and Notice of Administrative Closure" ("Notice"), attached to Defendants' Motion for Partial Dismissal as Exhibit A.

Generally, if a Motion to Dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6), matters that are presented outside of pleadings require the Court to treat the Motion as one for summary judgement. Fed. R. Civ. P. 12(d). However, "[i]t's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss." *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022). "And '[t]aking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.'" *Id* (quoting *Ennenga v. Starns*,

677 F.3d 766, 773 (7th Cir. 2012)). "'The Court may take judicial notice of matters of public record, including records of administrative bodies such as the IDHR.'" *Donald v. City of Chicago*, 539 F.Supp.3d 912, 924, at FN3 (N.D. Ill., May 14, 2021) (quoting *McGee v. United Parcel Serv., Inc.*, No. 01 C 9099, 2002 WL 449061, at *2 (N.D. Ill. Mar., 22, 2002).

Alternatively, the Seventh Circuit has recognized another exception where the court may consider documents that are "(1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim." *Financial Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 665 (7th Cir. 2022). "This incorporation-by-reference doctrine prevents a plaintiff from avoiding dismissal by omitting facts or documents that undermine his case." *Id.*

This Court should take judicial notice of the Notice without converting the Motion for Partial Dismissal into one for summary judgment for two reasons. First, as cited, *supra*, the Seventh Circuit has determined that the Court may take judicial notice of public records at the motion to dismiss stage and without converting the motion to dismiss into one for summary judgment and at least one court, as seen in *Donald v. City of Chicago*, has determined that records from an administrative agency, such as IDHR, are public records capable of judicial notice consideration. Second, in the alternative, the Notice, pursuant to the factors set forth in *Financial Fiduciaries*, *supra*, was referenced by Plaintiff in her Complaint (See Dkt. 1 at ¶4), is authentic (and includes an Affidavit of Service completed under penalties provided by law pursuant to Section 1-109 of the [Illinois] Code of Civil Procedure), and is central to the Plaintiff's claim as Plaintiff could not commence an action, assuming the action is timely, without the Notice.

Assuming this Court takes judicial notice of the Notice, it shows that the service date of the Notice is February 20, 2026 and Plaintiff's claims in Counts V and VI are untimely. 56 Ill. Admin. Code §2520.20 states, "To compute any period of time provided for under the [Illinois Human

Rights] Act, the date of any act, event, service or default from which such period of time begins to run shall not be included. When the last day of any such period falls on a Saturday, Sunday or legal State holiday, such time period shall continue to run until the end of the next day which is not a Saturday, Sunday, or legal State holiday. Whenever a time period commences upon a person's receipt of service or notice, and service is by mail, receipt shall be presumed to occur on the fifth day after mailing." Additionally, 56 Ill. Admin. Code §2520.30, paragraph c) states the following:

> c) Effective Date of Service
>
> > 1) Service by mail shall be deemed complete five days after mailing of the document, properly addressed and posted for delivery to the person to be served.
> >
> > 2) Service by telefax or electronic service shall be deemed complete when transmitted, regardless of when the recipient opens or reads the electronic communication, properly addressed to the person to be served. Telefax or electronic service served on a Saturday, Sunday or legal state holiday are deemed served on the following business day.

Taking the relevant provisions of the Illinois Administrative Code together with the date of the Notice, excluding the date of the Notice itself, Plaintiff had until May 26, 2026 to commence a cause of action under the IHRA.[1] Plaintiff's Complaint was not filed until May 28, 2026. (Dkt. 1). Therefore, without a plausible showing that Plaintiff received the Notice within 90 days of filing suit, notwithstanding her conclusory statement that she did, dismissal of Counts V and VI of

---

[1] "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources that cannot be questioned." *Ennenga*, 677 F.3d at 773-774. Excluding February 20, 2026 (the date of the Notice), February 25, 2026, is presumed to be the date for completion of service under the relevant provisions of the Illinois Administrative Code. Ninety days from February 25, 2026, is May 26, 2026.

Plaintiff's Complaint is warranted.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6), enter an order dismissing Counts I, II, V, and VI of Plaintiff's Complaint.

By: /s/ Kyle R. Bruett
Assistant State's Attorney

Randi L. Freese
McHenry County State's Attorney
Laura L. Scarry (ARDC No. 6231266)
Assistant State's Attorney
Kyle R. Bruett (ARDC No. 6308655)
Assistant State's Attorney
McHenry County Government Center
2200 North Seminary Avenue
Woodstock, IL 60098
815-334-4159 (phone)
815-334-0872 (fax)
llscarry@mchenrycountyil.gov
krbruett@mchenrycountyil.gov

## CERTIFICATE OF SERVICE

I, Kyle R. Bruett, an attorney, hereby certify that on September 11, 2026, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all parties.

/s/ Kyle R. Bruett