**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KELLY BUCKEL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:26-cv-50424 |
| | ) | |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| MCHENRY COUNTY, ILLINOIS, a/k/a MCHENRY COUNTY HEALTH DEPARTMENT, and KELLI BOECKMANN, individually, | ) ) ) | Magistrate Judge Michael F. Iasparro |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**
**FOR SEXUAL HARASSMENT, RETALIATION, GENDER-RELATED VIOLENCE, AND ASSAULT AND BATTERY**

Plaintiff Kelly Buckel, by her attorney, Steven D. Horak, for her First Amended Complaint against Defendants McHenry County, Illinois, a/k/a McHenry County Health Department (the "County"), and Kelli Boeckmann, individually, states as follows:

## NATURE OF THE ACTION

Plaintiff seeks redress for sexual harassment, a sexual battery, and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act, the Illinois Gender Violence Act, and Illinois common law. Over a three-day, County-required work conference in October 2025, Plaintiff's supervisor, Defendant Boeckmann, subjected her to repeated sexually explicit comments, grabbed Plaintiff's breast without her consent, and pressed her with sexual invitations to her hotel room. When Plaintiff promptly reported this misconduct to Human Resources, the County did not investigate or discipline Boeckmann. Instead, it issued Plaintiff pretextual discipline eight days after her report and terminated her employment eleven days after her report.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3), because this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a), because those claims form part of the same case or controversy as Plaintiff's federal claims.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), because the County is located in this District, Plaintiff was employed in this District, and the employment practices at issue were committed in this District. McHenry County lies within the Western Division of this District.

## ADMINISTRATIVE EXHAUSTION AND TIMELINESS

### A. The Charge

4. On December 8, 2025, Plaintiff filed a Charge of Discrimination against the County with the Illinois Department of Human Rights ("IDHR"), Charge No. 2026 CF0837, which was perfected on January 13, 2026, and cross-filed with the Equal Employment Opportunity Commission ("EEOC") as Charge No. 21B-2026-00477 (the "Charge"). The Charge alleged sexual harassment and retaliation arising from the conduct described in this First Amended Complaint.

5. The Charge was filed within 300 days after each act of harassment and retaliation alleged in this First Amended Complaint, and within the time permitted by the Illinois Human Rights Act ("IHRA").

**B. The IDHR Notice of Opt Out (Counts V and VI)**

6. On February 11, 2026, Plaintiff, through counsel, submitted a written request to IDHR to opt out of IDHR's investigation and administrative process under Section 7A-102(C-1) of the IHRA, 775 ILCS 5/7A-102(C-1). IDHR's records reflect that it received the completed opt-out request form on February 13, 2026.

7. IDHR thereafter issued a document titled "Notice of Opt Out of the Investigative and Administrative Process, Right to Commence an Action in Circuit Court or Other Appropriate Court of Competent Jurisdiction, and Notice of Administrative Closure" (the "Notice"). Plaintiff's counsel first obtained a copy of the Notice on September 15, 2026, when IDHR emailed it to counsel after counsel's repeated requests. A true and correct copy of the Notice, as provided by IDHR, is attached as Exhibit A.

8. The Notice bears a "dismissal/notice date" of February 20, 2026. An affidavit of service attached to the Notice states that it was served on February 20, 2026, "by email or first class mail," without identifying which method was used. The affidavit does not state that the Notice was deposited in the United States mail on February 20, 2026, or on any other date, and it does not establish when, or whether, the Notice was mailed. The Notice and the affidavit address Plaintiff's counsel at "940 Knowllwood Drive," a misspelling of counsel's street address, 940 Knollwood Drive.

9. Plaintiff's counsel did not consent to electronic service in the IDHR proceeding; the box consenting to service by electronic mail on counsel's IDHR appearance, dated January 13, 2026, was left unchecked. IDHR did not transmit the Notice to Plaintiff's counsel by electronic mail at any time before September 15, 2026.

10. Neither Plaintiff nor her counsel received the Notice from IDHR, whether by United States mail, electronic mail, or any other means, at any time before this action was filed.

Counsel did not receive the Notice until IDHR emailed a copy on September 15, 2026, as alleged in paragraph 7.

11. Having received nothing from IDHR in response to the opt-out request, Plaintiff's counsel emailed IDHR's Intake Unit on March 22, 2026, asking whether an opt-out had been issued.

12. On March 23, 2026, IDHR's Intake Unit responded by email that the Charge had been dismissed and was closed and that IDHR had received the opt-out request form on February 13, 2026. IDHR's email did not enclose or attach the Notice. A true and correct copy of the email exchange between Plaintiff's counsel and IDHR is attached as Exhibit C.

13. IDHR's March 23, 2026 email was the first notice Plaintiff or her counsel received from IDHR that the Charge had been closed in response to the opt-out request.

14. Any presumption that mail is received five days after mailing under 56 Ill. Admin. Code 2520.20 and 2520.30(c)(1) is rebuttable and applies only to mail that is properly addressed and actually mailed. Any such presumption is rebutted here: the Notice was misaddressed, the affidavit of service does not establish that the Notice was mailed, and counsel's contemporaneous March 22, 2026 inquiry to IDHR confirms that the Notice had not been received.

15. Section 7A-102(C-1) of the IHRA permits a complainant who opts out to commence a civil action within 90 days after receipt of IDHR's notice. IDHR's own opt-out request form, which Plaintiff's counsel executed on February 11, 2026, likewise states that the complainant has 90 days from receipt of the Notice to commence an action. The statute, not the form language of the Notice, controls when the 90-day period begins. Measured from March 23, 2026, the earliest date on which Plaintiff or her counsel received any notice from IDHR that the Charge had been closed, the 90-day period ran through June 22, 2026, because the ninetieth day,

June 21, 2026, fell on a Sunday. Plaintiff commenced this action on May 28, 2026, within that period. Plaintiff's IHRA claims (Counts V and VI) are timely.

**C. The Department of Justice Notice of Right to Sue (Counts I and II)**

16. Because the County is a governmental entity, the notice of right to sue on the Title VII claims in the Charge is issued by the Attorney General through the United States Department of Justice ("DOJ"), not by the EEOC. 42 U.S.C. § 2000e-5(f)(1).

17. Plaintiff requested a notice of right to sue on the Charge. On March 27, 2026, the EEOC confirmed to Plaintiff's counsel by email that the request had been referred to DOJ for issuance.

18. Plaintiff filed her original Complaint on May 28, 2026, before DOJ had acted, in order to preserve her IHRA claims within the 90-day period described above.

19. On September 15, 2026, DOJ issued a Notice of Right to Sue on the Charge, which was transmitted to Plaintiff's counsel by email and received that same day. A true and correct copy of the Notice of Right to Sue is attached as Exhibit B.

20. Plaintiff has received her notice of right to sue and has exhausted her administrative remedies as to Counts I and II. Receipt of the Notice of Right to Sue while this action was pending cured any prematurity in the original Complaint's Title VII claims. This First Amended Complaint is filed within 90 days after Plaintiff's receipt of the Notice of Right to Sue.

21. All conditions precedent to the claims asserted in this First Amended Complaint have been performed or have occurred.

**PARTIES**

22. Plaintiff Kelly Buckel is an individual residing in the State of Illinois. At all relevant times, Plaintiff was employed by the County in the McHenry County Health Department.

23. Defendant McHenry County, Illinois, a/k/a McHenry County Health Department (the "County" or "Defendant Employer"), is a unit of local government that operates the McHenry County Health Department. At all relevant times, the County employed fifteen or more employees and was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), and the IHRA, 775 ILCS 5/2-101(B).

24. Defendant Kelli Boeckmann was, at all relevant times, employed by the County in the McHenry County Health Department as Plaintiff's supervisor. Boeckmann is sued in her individual capacity. At all relevant times, Boeckmann acted within the course and scope of her employment with the County.

## FACTUAL ALLEGATIONS

25. Plaintiff performed her duties satisfactorily and was in good standing with the County. Before her October 16, 2025 complaint, Plaintiff never received a write-up, warning, or discipline of any kind.

26. Boeckmann was Plaintiff's direct supervisor. The County empowered Boeckmann to direct Plaintiff's daily work, assign her duties, require her to travel on County business, evaluate her performance, and recommend or impose discipline.

### A. The Work Conference: October 13–15, 2025

27. On or about October 13, 2025, the County required Plaintiff to travel with Boeckmann to a work-related conference, a drive of approximately three hours each way.

28. Plaintiff and Boeckmann traveled to and from the conference together by car, and each stayed overnight in a hotel room during the conference. Throughout the trip, Plaintiff was away from home on a County assignment and under Boeckmann's direct supervision.

29. During the drive to the conference, Boeckmann made repeated, unwelcome, sexually explicit comments to Plaintiff, including graphic descriptions of her own sexual activities,

sexual preferences, and personal relationships. Plaintiff found this conduct offensive, humiliating, and unwelcome.

30. On the evening of October 14, 2025, during a conference social event, Boeckmann consumed alcohol and continued to make sexually explicit and inappropriate comments to Plaintiff and to others in Plaintiff's presence, including statements that she had modeled lingerie.

31. A fellow conference attendee, observing Boeckmann's behavior, privately asked Plaintiff whether such conduct was "normal." Plaintiff responded that she found it uncomfortable.

32. Later that evening, in the presence of at least two witnesses, Boeckmann intentionally and without Plaintiff's consent grabbed Plaintiff's breast in a sexual manner. Plaintiff was shocked, violated, and humiliated. Plaintiff did not consent to this contact and made clear, through word and action, that it was unwelcome.

33. As Plaintiff returned to her hotel room, Boeckmann repeatedly and insistently invited Plaintiff to come to Boeckmann's room. The invitations were sexual in nature. Plaintiff declined each one.

34. On or about October 15, 2025, during the return drive, Boeckmann again initiated sexually explicit conversations with Plaintiff, including descriptions of sexual events she claimed to have attended.

35. During the return drive, Boeckmann also told Plaintiff that she had packed a vibrator in her conference bag. Without Plaintiff's consent, Boeckmann then took Plaintiff's unlocked cellular telephone, which Plaintiff was using for navigation, typed the name of that item into the phone, and told Plaintiff that she should purchase it.

36. Throughout the conference and travel, Plaintiff made clear that she found Boeckmann's conduct unwelcome, offensive, and intimidating. Plaintiff did not encourage, solicit, or welcome any of the conduct described in this First Amended Complaint.

37. Boeckmann's conduct consisted of unwelcome sexual advances, requests for sexual favors, and other conduct of a sexual nature that had the purpose or effect of substantially interfering with Plaintiff's work performance and creating an intimidating, hostile, and offensive working environment.

**B. Plaintiff's Report and the County's Retaliatory Response**

38. On October 16, 2025, one day after returning from the conference, Plaintiff reported Boeckmann's harassment, including the sexual battery, to the County's Human Resources representative, Patty.

39. Plaintiff's report described in detail the sexually explicit comments, the nonconsensual physical contact, the sexual invitations, and the unauthorized use of her phone. Plaintiff believed that the County was investigating her complaint.

40. The subject of Plaintiff's complaint was Boeckmann, Plaintiff's own direct supervisor. The County did nothing in response to the complaint. It did not conduct a prompt, thorough, or good-faith investigation, did not take any remedial action, did not discipline Boeckmann, and did not separate Plaintiff from Boeckmann's supervision.

41. On October 24, 2025, Plaintiff was called into a meeting that she reasonably believed concerned her complaint against Boeckmann. Instead, the County used that meeting to issue Plaintiff false and pretextual discipline that had no basis in her actual work performance or conduct.

42. On October 27, 2025, eleven days after Plaintiff reported the harassment, the County terminated Plaintiff's employment.

43. Upon information and belief, the County officials who decided to discipline and terminate Plaintiff knew of her October 16, 2025 complaint when they made those decisions.

44. Throughout her employment and until she complained about her supervisor, Plaintiff had no write-ups, warnings, or discipline, and no legitimate basis existed to discipline or terminate her. The reasons the County has given or may give for the discipline and termination are false and pretextual.

45. The eleven days between Plaintiff's complaint on October 16, 2025, and her termination on October 27, 2025, together with the County's failure to investigate her complaint and the absence of any legitimate basis for discipline, give rise to a strong inference that the County disciplined and terminated Plaintiff because of her complaint.

46. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional distress, humiliation, mental anguish, damage to her professional reputation, and other damages.

**COUNT I — SEXUAL HARASSMENT (HOSTILE WORK ENVIRONMENT)**
**Title VII, 42 U.S.C. § 2000e-2(a)(1) — Against the County**

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48. At all relevant times, Plaintiff was an "employee" and the County was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b) and (f).

49. Boeckmann subjected Plaintiff to unwelcome sexual conduct because of Plaintiff's sex, including repeated sexually explicit comments, grabbing Plaintiff's breast, sexual invitations to her hotel room, and the unauthorized use of Plaintiff's phone to further harass her. Boeckmann's sexual propositions, her repeated invitations to her hotel room, and her grabbing of Plaintiff's

breast were sexual advances reflecting sexual interest in Plaintiff, and the harassment was explicitly sexual in content throughout.

50. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and to create an abusive working environment that a reasonable person would find hostile or offensive, and that Plaintiff did find hostile and offensive.

51. The County is vicariously liable for the harassment because Boeckmann was Plaintiff's supervisor. The County cannot avoid that liability, because it did not exercise reasonable care to prevent or promptly correct the harassment, and Plaintiff promptly used the County's complaint process. Moreover, after Plaintiff complained about her supervisor, the County took tangible employment actions against her, disciplining her and then terminating her.

52. In the alternative, the County is liable because it knew of the harassment no later than October 16, 2025, and failed to take prompt and appropriate corrective action. Instead, the County took no action against Boeckmann and disciplined and terminated Plaintiff.

53. Plaintiff did not unreasonably fail to take advantage of any preventive or corrective opportunity provided by the County. She reported the harassment to Human Resources the day after she returned from the conference.

54. The County's conduct violated 42 U.S.C. § 2000e-2(a)(1).

55. As a direct and proximate result of the County's violation of Title VII, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional distress, humiliation, and other compensatory damages.

**COUNT II — RETALIATION**
**Title VII, 42 U.S.C. § 2000e-3(a) — Against the County**

56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57. Plaintiff engaged in activity protected by Title VII when she reported Boeckmann's sexual harassment to the County's Human Resources representative on October 16, 2025.

58. The County took materially adverse actions against Plaintiff, including issuing her false and pretextual discipline on October 24, 2025, and terminating her employment on October 27, 2025.

59. The County disciplined and terminated Plaintiff because of her protected complaint. But for her complaint, the County would not have disciplined or terminated her.

60. The County's conduct violated 42 U.S.C. § 2000e-3(a).

61. As a direct and proximate result of the County's retaliation, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional distress, humiliation, and other compensatory damages.

## COUNT III — ILLINOIS GENDER VIOLENCE ACT
## 740 ILCS 82/5, 82/11 — Against the County

62. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 61 as though fully set forth herein.

63. Boeckmann's grabbing of Plaintiff's breast was "gender-related violence" within the meaning of 740 ILCS 82/5. It was a physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under Illinois law, and, independently, an act of physical aggression satisfying the elements of battery that was committed at least in part on the basis of Plaintiff's sex.

64. The conditions were coercive. Boeckmann was Plaintiff's supervisor; the contact occurred while Plaintiff was away from home on a County-required overnight assignment under Boeckmann's direct supervision; and Boeckmann had been drinking and was pressing sexual advances on Plaintiff.

65. At all relevant times, the County was an "employer" and Boeckmann was an "employee" as those terms are defined in Section 2-101 of the IHRA and incorporated by the Gender Violence Act. The gender-related violence occurred in the "workplace" as defined by the Act, which includes any location used by an employee while performing job duties and off-premises employer-sponsored events. The conference and its social events were part of a County-required assignment that Boeckmann and Plaintiff attended as County employees, and Boeckmann committed the gender-related violence while directly performing her job duties as Plaintiff's supervisor on that assignment. The gender-related violence was the proximate cause of Plaintiff's injuries.

66. The County is liable under 740 ILCS 82/11(b)(1) because it failed to supervise or monitor Boeckmann. The County sent Plaintiff on overnight travel alone with Boeckmann, her supervisor, without any supervision or monitoring of Boeckmann's conduct, and did nothing to prevent Boeckmann from drinking at a conference social event while she was supervising Plaintiff.

67. After Plaintiff reported the gender-related violence on October 16, 2025, the County failed to investigate her complaint or to take any remedial measures, and instead disciplined and terminated Plaintiff.

68. The County is liable for Boeckmann's gender-related violence under 740 ILCS 82/11.

69. As a direct and proximate result, Plaintiff has suffered emotional distress, humiliation, fear, and other damages, and is entitled to actual damages, damages for emotional distress, reasonable attorney's fees, and costs under 740 ILCS 82/15.

**COUNT IV — ASSAULT AND BATTERY**
**Illinois Common Law — Against Defendant Boeckmann, Individually**

70. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 69 as though fully set forth herein.

71. Boeckmann intentionally made harmful and offensive physical contact with Plaintiff by grabbing Plaintiff's breast in a sexual manner.

72. Plaintiff did not consent to the contact. At no point did Plaintiff invite, encourage, or acquiesce in it.

73. Boeckmann's intentional, nonconsensual physical contact constitutes battery under Illinois common law.

74. Immediately before and in connection with the contact, Boeckmann engaged in conduct that reasonably placed Plaintiff in apprehension of an imminent harmful and offensive contact, constituting assault under Illinois common law.

75. Boeckmann's conduct was intentional, willful, and wanton, and was undertaken with conscious disregard for Plaintiff's rights, warranting an award of punitive damages.

76. As a direct and proximate result of Boeckmann's assault and battery, Plaintiff suffered a physical violation, emotional distress, humiliation, mental anguish, and other damages.

**COUNT V — SEXUAL HARASSMENT**
**Illinois Human Rights Act, 775 ILCS 5/2-102(D) — Against the County**

77. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 76 as though fully set forth herein.

78. At all relevant times, the County was an "employer" and Plaintiff was an "employee" within the meaning of the IHRA, 775 ILCS 5/2-101(A) and (B).

79. Boeckmann engaged in "sexual harassment" as defined in 775 ILCS 5/2-101(E): unwelcome sexual advances, requests for sexual favors, and conduct of a sexual nature, including sexually explicit comments, grabbing Plaintiff's breast, sexual invitations to her hotel room, and the unauthorized use of Plaintiff's phone, which had the purpose or effect of substantially interfering with Plaintiff's work performance and creating an intimidating, hostile, and offensive working environment.

80. Under the IHRA, an employer is strictly liable for sexual harassment committed by its supervisory employees. 775 ILCS 5/2-102(D); Sangamon County Sheriff's Department v. Illinois Human Rights Commission, 233 Ill. 2d 125 (2009). Boeckmann was a supervisory employee of the County and Plaintiff's direct supervisor. The County is therefore liable for Boeckmann's sexual harassment of Plaintiff.

81. In addition, the County knew of the harassment no later than October 16, 2025, failed to investigate or take corrective action, and instead disciplined and terminated Plaintiff.

82. The County's conduct violated 775 ILCS 5/2-102(D).

83. Count V is timely for the reasons alleged in paragraphs 6 through 15.

84. As a direct and proximate result of the County's violation of the IHRA, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional distress, humiliation, and other actual damages. Plaintiff is entitled to relief under 775 ILCS 5/8A-104, including actual damages, back pay, and reasonable attorney's fees and costs.

**COUNT VI — RETALIATION**
**Illinois Human Rights Act, 775 ILCS 5/6-101(A) — Against the County**

85. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 84 as though fully set forth herein.

86. Plaintiff opposed conduct she reasonably and in good faith believed to be unlawful sexual harassment when she reported Boeckmann's conduct to the County's Human Resources representative on October 16, 2025.

87. The County retaliated against Plaintiff because of that complaint by issuing her false and pretextual discipline on October 24, 2025, and terminating her employment on October 27, 2025.

88. The County's conduct violated 775 ILCS 5/6-101(A).

89. Count VI is timely for the reasons alleged in paragraphs 6 through 15.

90. As a direct and proximate result of the County's retaliation, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional distress, humiliation, and other actual damages. Plaintiff is entitled to relief under 775 ILCS 5/8A-104, including actual damages, back pay, and reasonable attorney's fees and costs.

**COUNT VII — ILLINOIS GENDER VIOLENCE ACT**
**740 ILCS 82/5, 82/10 — Against Defendant Boeckmann, Individually**

91. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 90 as though fully set forth herein.

92. Boeckmann personally committed gender-related violence against Plaintiff within the meaning of 740 ILCS 82/5 when she grabbed Plaintiff's breast without consent. The contact was a physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under Illinois law, and, independently, an act of physical aggression satisfying the elements of battery committed at least in part on the basis of Plaintiff's sex. It occurred in the course of a pattern of sexually explicit and coercive conduct directed at Plaintiff by her supervisor while Plaintiff was away from home on a County-required overnight assignment.

93. Boeckmann acted intentionally, willfully, and wantonly, with conscious disregard for Plaintiff's rights.

94. As a direct and proximate result, Plaintiff has suffered emotional distress, humiliation, fear, and other damages, and is entitled to actual damages, damages for emotional distress, punitive damages, reasonable attorney's fees, and costs under 740 ILCS 82/15.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kelly Buckel respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally where applicable, and award the following relief:

a. Back pay, including lost wages and the monetary value of all employment benefits, from the date of Plaintiff's termination to the date of judgment (Counts I, II, V, and VI);

b. Reinstatement or, in lieu of reinstatement, front pay (Counts I, II, V, and VI);

c. Compensatory and actual damages, including damages for emotional distress, humiliation, mental anguish, and reputational harm (all Counts);

d. Punitive damages against Defendant Boeckmann (Counts IV and VII);

e. Pre-judgment and post-judgment interest;

f. Reasonable attorney's fees, litigation expenses, and costs under 42 U.S.C. § 2000e-5(k), 775 ILCS 5/8A-104, and 740 ILCS 82/15;

g. Appropriate injunctive and declaratory relief; and

h. Such other and further relief as the Court deems just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable under Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,
**KELLY BUCKEL**

By: /s/ Steven D. Horak
One of Her Attorneys

Steven D. Horak (ARDC No. 6207126)
Law Office of Steven D. Horak
940 Knollwood Drive
Buffalo Grove, Illinois 60089
(847) 877-3120
steve@stevenhoraklaw.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I, Steven D. Horak, an attorney, certify that on September 24, 2026, I caused the foregoing First Amended Complaint, together with Exhibits A, B, and C, to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record. I further certify that on the same date I caused a copy of the First Amended Complaint and its exhibits to be served by electronic mail on the following counsel for Defendants:

Laura L. Scarry
Kyle R. Bruett
Assistant State's Attorneys
McHenry County State's Attorney's Office
McHenry County Government Center
2200 North Seminary Avenue
Woodstock, Illinois 60098
llscarry@mchenrycountyil.gov
krbruett@mchenrycountyil.gov

/s/ Steven D. Horak
Steven D. Horak

# EXHIBIT A

Illinois Department of Human Rights Notice of Opt Out of the Investigative and Administrative Process, Right to Commence an Action in Circuit Court or Other Appropriate Court of Competent Jurisdiction, and Notice of Administrative Closure, with Affidavit of Service

IDHR Charge No. 2026CF0837 (dated February 20, 2026)

**STATE OF ILLINOIS** )
) **ss**
**COUNTY OF COOK** )

**CHARGE NO.** 2026CF0837

**AFFIDAVIT OF SERVICE**

The undersigned served a copy of the attached **NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND NOTICE OF ADMINISTRATIVE CLOSURE** on February 20, 2026, to each person named below by email or first class mail, addressed as follows:

For Complainant

Steven D. Horak
Law Office of Steven D. Horak
940 Knowllwood Drive
Buffalo Grove, IL 60089

For Respondent

Chief Executive Officer
McHenry County Health Department
667 Ware Road
Woodstock, IL 60098

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that s/he verily believes the same to be true.

______________________________

**PLEASE NOTE:**

The above-signed person is responsible only for mailing these documents. If you wish a review of the findings in this case, you must complete the Request for Review form attached. Department of Human Rights' staff are not permitted to discuss the investigation findings once a Notice of Determination has been issued.

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| KELLY BUCKEL, | ) | |
| | ) | |
| | ) | |
| COMPLAINANT, | ) | CHARGE NO. 2026CF0837 |
| AND | ) | EEOC NO. 21BA-2026-00477 |
| MCHENRY COUNTY HEALTH DEPAARTMENT, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

**NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND NOTICE OF ADMINISTRATIVE CLOSURE**

For Complainant
Steven D. Horak
Law Office of Steven D. Horak
940 Knowllwood Drive
Buffalo Grove, IL 60089

For Respondent
Chief Executive Officer
McHenry County Health Department
667 Ware Road
Woodstock, IL 60098

DISMISSAL / NOTICE DATE: February 20, 2026

Date Perfected Charge Filed: January 13, 2026 Date Opt Out Request Filed: February 11, 2026

YOU ARE HEREBY NOTIFIED that pursuant to Section 7A-102(C-1) of the Illinois Human Rights Act (775 ILCS 5/7A-102(C-1)), Complainant having filed a written request to opt out of the Illinois Department of Human Rights' investigation and administrative processing of the above-captioned charge, the IDHR issues this Notice of Opt Out of the Investigative and Administrative Process, and the Right of Complainant to Commence an Action in the Circuit Court or other appropriate court of competent jurisdiction within 90 days from the date of this Notice and Order, as identified above.

- Complaint filed and serve a copy of the complaint to the Department and Respondent on the same date that the complaint is filed with the circuit court or other appropriate court of competent jurisdiction.
- Complainant may not file or refile a substantially similar charge with the Department arising from the same incident of unlawful discrimination or harassment.

NOW, THEREFORE, it is further hereby ORDERED that the Department cease the investigation and **ADMINISTRATIVELY CLOSE** the charge of civil rights violation(s).

DEPARTMENT OF HUMAN RIGHTS
James L. Bennett
Director

# EXHIBIT B

U.S. Department of Justice, Civil Rights Division, Notice of Right to Sue Within 90 Days

EEOC Charge No. 21B-2026-00477 (issued September 15, 2026)

Outlook

**Response: Your Civil Rights Division Report - 753611-BJB from the Employment Litigation Section**

**From** DOJ Civil Rights - Do Not Reply <civilrightsdonotreply@mail.civilrights.usdoj.gov>
**Date** Tue 9/15/2026 8:11 AM
**To** Steve Horak <steve@stevenhoraklaw.com>

U.S. Department of Justice
Civil Rights Division | civilrights.justice.gov

753611-BJB

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Sep 15, 2026

Kelly Buckel

steve@stevenhoraklaw.com

Re: Kelly Buckel v. McHenry County Health Department, et al.,
EEOC Charge No. 21B-2026-00477

Dear Kelly Buckel,

You are receiving this notice because you filed the above charge(s) with the Equal Employment Opportunity Commission (EEOC), and you or your attorney specifically requested this notice.

Because either 180 days have passed since you filed the above charge(s), or because the EEOC has determined that it will not be able to conclude its administrative process within 180 days of the date it assumed jurisdiction of the charge(s), you are hereby notified that you have the right to file a lawsuit commencing a civil action based on the charge(s) under the following statute(s):

- Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.

If you decide to file a lawsuit under the statute(s) identified above, **you must file it in the appropriate court within 90 days of receiving this Notice**. This Notice

should not be taken to mean that the Department of Justice has made a judgment as to whether your charge is meritorious.  If you haven't already, you may want to consult with a private attorney of your own choosing and expense.

If you have questions or wish to inspect the investigative file pertaining to this matter, please address your inquiry to the following EEOC office: Chicago District Office. Contact information for this office can be located at https://www.eeoc.gov/field-office/chicago/location.

Sincerely,

Complaint Referral Unit
Employment Litigation Section
Civil Rights Division

CC: steve@stevenhoraklaw.com, steve@stevenhoraklaw.com, Tcowens@mchenrycountyil.gov, NANCY.DEROO@EEOC.GOV

## Contact

civilrights.justice.gov

mail U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

phone (202) 514-3847
1-855-856-1247 (toll-free)
Telephone Device for the Deaf
TTY/TDD: 711

# EXHIBIT C

Email exchange between Plaintiff's counsel and the Illinois Department of Human Rights Intake Unit regarding the opt-out request

February 11 – March 23, 2026

Outlook

## RE: opt out

**From** IDHR.Intake <IDHR.Intake@illinois.gov>
**Date** Mon 3/23/2026 7:37 AM
**To** Steve Horak <steve@stevenhoraklaw.com>

Hello,

Our records show that Charge 2026CF0837, associated with EEOC Number 21B-2026-00477 (Kelly Buckel), has been dismissed and is now closed. We received the opt-out request form on February 13, 2026.

Thank you,

---

**INTAKE UNIT**
**CHARGE PROCESSING DIVISION**
**Illinois Department of Human Rights (IDHR)**
555 West Monroe Street, 7th Floor
Chicago, IL 60661
312.814.6200 (t) 866.740.3953 (TTY)
312.814.6251 (f)
**Follow us**: Facebook, Twitter, Instagram & LinkedIn
**Visit us online**: illinois.gov/DHR

---

**From:** Steve Horak <steve@stevenhoraklaw.com>
**Sent:** Sunday, March 22, 2026 10:54 AM
**To:** IDHR.Intake <IDHR.Intake@illinois.gov>
**Subject:** [External] Re: opt out

Any help on this was an opt out obtaiend?

---

**From:** Steve Horak <steve@stevenhoraklaw.com>
**Sent:** Friday, February 13, 2026 7:14 AM
**To:** IDHR.Intake <IDHR.Intake@illinois.gov>
**Subject:** Re: opt out

---

**From:** IDHR.Intake <IDHR.Intake@illinois.gov>
**Sent:** Wednesday, February 11, 2026 3:34 PM
**To:** Steve Horak <steve@stevenhoraklaw.com>
**Subject:** RE: opt out

Hello,

According to records, the assigned EEOC Charge No. for IDHR Charge No. 2026CF0837 is 21B-2026-00477. Once you complete the opt out form you may send to IDHR.optouts@illinois.gov.

Thank you

---

**INTAKE UNIT**
**CHARGE PROCESSING DIVISION**
**Illinois Department of Human Rights (IDHR)**
555 West Monroe Street, 7th Floor
Chicago, IL 60661
312.814.6200 (t) 866.740.3953 (TTY)
312.814.6251 (f)
**Follow us**: Facebook, Twitter, Instagram & LinkedIn
**Visit us online**: illinois.gov/DHR

---

**From:** Steve Horak <steve@stevenhoraklaw.com>
**Sent:** Wednesday, February 11, 2026 1:05 PM
**To:** IDHR.Intake <IDHR.Intake@illinois.gov>
**Subject:** [External] opt out

Here is an opt out but I dont have eeoc number please provide

State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.